UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

WILLIAM CEPEK,

    PLAINTIFF,

vs.

SCOTT ISRAEL,
IN HIS CAPACITY AS SHERIFF
OF BROWARD COUNTY, FLORIDA,
and JOVIAN IRIZARRY, individually,

    DEFENDANTS.
_____/

## **COMPLAINT**

1. Plaintiff, William Cepek [hereafter "Plaintiff"] by and through the undersigned attorney, sues Scott Israel [hereafter "Defendant Sheriff"], in his capacity as Sheriff of Broward County, a subdivision of the State of Florida, and Jovian Irizarry [hereafter "Defendant Irizarry"], individually.

2. This is an action for damages in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of interest, costs, and attorney's fees.

3. This action is brought pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, the Fourth and Fourteenth Amendments of the United States Constitution, and the laws of the State of Florida. The United States District Court for the Southern District of Florida has jurisdiction of this action under 42 U.S.C. § 1983, 42 U.S.C. § 1988, 28 U.S.C. § 1331 and 28 U.S.C. § 1343. Plaintiff further invokes the supplemental jurisdiction of the United States District Court for the Southern District of Florida under 28 U.S.C. § 1367(a) to hear pendent State tort claims arising under State law, pursuant to U.S.C. § 1367(a).

## PARTIES

4. Plaintiff is a resident of Broward County, Florida and is subject to the jurisdiction of this Court.

5. Defendant Sheriff, as Sheriff of Broward County, Florida, is the Sheriff of Broward County, Florida, as organized and existing under the Constitution and laws of the State of Florida. In this cause, Defendant Sheriff acted through his agents, employees, and servants, including Defendant Irizarry.

6. At all times material, Defendant Irizarry was acting under color of law as a deputy sheriff for Defendant Sheriff, and in such capacity as an agent, servant, and employee of Defendant Sheriff.

7. All conditions precedent to the maintenance of this action have been performed before its filing, including those set forth by Florida Statutes Section 768.28.

## GENERAL ALLEGATIONS

8. On or about December 12, 2015, late at night while Defendant Irizarry was conducting "proactive patrol" in his capacity as a deputy sheriff for Broward County, he observed Plaintiff placing trash in a dumpster and standing next to a white SUV that was parked outside of The Sign Studio, a business located at 2381 Griffin Road, in Broward County, Florida.

9. Defendant Irizarry activated his overhead lights and detained Plaintiff, commanding him to produce identification.

10. Plaintiff asked why he was required to produce identification when he has done nothing wrong.

11. Defendant Irizarry then commanded Plaintiff to place his hands in the air, and Plaintiff immediately complied.

12. Defendant Irizarry approached Plaintiff with his hand on his firearm.

13. Defendant Irizarry then lunged at Plaintiff, grabbing Plaintiff's arm in an effort to handcuff or otherwise restrain his freedom of movement.

14. While Defendant Irizarry was lunging at Plaintiff to grab him, Plaintiff stumbled and fell into Plaintiff's work van, breaking a rear taillight, and causing several scratches and bruises on Plaintiff's arm.

15. Plaintiff informed Defendant Irizarry that he owned the property and worked at The Sign Studio, and that he was entitled to be there.

16. Deputies Benjamin, Gonzalez, and McPartland arrived on scene and, without speaking with anyone, immediately threw Plaintiff on the ground, even though Plaintiff was standing with his arms above his head with his palms open and facing forward.

17. As Plaintiff lay on the ground motionless, Defendant Irizarry gratuitously kneed Plaintiff in the face and otherwise battered him, rendering him unconscious.

18. Plaintiff suffered numerous injuries as a result of Defendant Irizarry's actions, including but not limited to bruised ribs and shoulders, lacerations to his elbow and knee, his lips being busted open, bloody mouth and back of head, and a chipped tooth.

19. Defendant Irizarry charged Plaintiff with resisting an officer without violence, a charge that the Broward State Attorney's Office subsequently dismissed on or about June 29, 2016.

## COUNT 1

### VIOLATION OF FOURTH AMENDMENT EXCESSIVE FORCE CLAIM BY PLAINTIFF AGAINST DEFENDANT IRIZARRY, COGNIZABLE UNDER 42 U.S.C. § 1983

20. Plaintiff realleges and adopts, as if fully set forth in Count 1, the allegations of paragraphs 1 through 19.

21. This cause of action is brought by Plaintiff against Defendant Irizarry for deprivation of constitutional rights within the meaning of 42 U.S.C. § 1983.

22. While Defendant Irizarry was acting under the authority of the State of Florida and under color of law as a police officer in the employ of Defendant Sheriff, he subjected Plaintiff to the deprivation of rights and privileges afforded to him by the Constitution of the

United States, including the right to be free from the excessive use of force under the Fourth Amendment, within the meaning of 42 U.S.C. § 1983.

23. Specifically, Defendant Irizarry used unreasonable and excessive force by lunging at Plaintiff and/or gratuitously kneeing him in the face when Plaintiff had complied with all commands and was laying on the ground motionless without resisting, inflicting numerous physical and emotional injuries and damages upon Plaintiff, including but not limited to the aforementioned bruises, contusions, lacerations, a chipped tooth, and damage to his vehicle.

24. As a direct and proximate result of the above-mentioned unconstitutional acts of Defendant Irizarry, Plaintiff suffered mental anguish, loss of capacity for the enjoyment of life, physical injury, humiliation personally, and loss of his freedom and civil rights. He suffered grievously, was brought into public scandal with great humiliation, suffered loss of income, endured mental suffering and aggravation of his physical and mental condition and suffered a damaged reputation.

WHEREFORE, Plaintiff prays:

   a) Judgment for compensatory damages in excess of $15,000;
   b) Judgment for exemplary damages;
   c) Cost of suit;
   d) Reasonable attorney's fees, pursuant to 42 U.S.C § 1988;
   e) Trial by jury as to all issues so triable; and
   f) Such other relief as this Honorable Court may deem just and appropriate.

## COUNT 2

### VIOLATION OF FOURTH AMENDMENT FALSE ARREST/UNLAWFUL SEIZURE CLAIM BY PLAINTIFF AGAINST DEFENDANT IRIZARRY, COGNIZABLE UNDER 42 U.S.C. § 1983

25. Plaintiff realleges and adopts, as if fully set forth in Count 1, the allegations of paragraphs 1 through 19.

26. This cause of action is brought by Plaintiff against Defendant Irizarry for

deprivation of constitutional rights within the meaning of 42 U.S.C. § 1983.

27. While Defendant Irizarry was acting under the authority of the State of Florida and under color of law as a police officer in the employ of Defendant Sheriff, he subjected Plaintiff to the deprivation of rights and privileges afforded to him by the Constitution of the United States, including the right not to be deprived of liberty and to be free from unlawful or unreasonable search and/or seizure under the Fourth Amendment, within the meaning of 42 U.S.C. § 1983.

28. Specifically, Defendant Irizarry Defendant Irizarry unlawfully and/or unreasonably searched and/or seized Plaintiff by seizing, detaining, and/or continuing to detain him with neither reasonable suspicion nor arguable probable cause that any crime was being committed, thereby inflicting numerous physical and emotional injuries and damages upon Plaintiff, including but not limited to the aforementioned bruises, contusions, lacerations, a chipped tooth, and damage to his vehicle.

29. As a direct and proximate result of the above-mentioned unconstitutional acts of Defendant Irizarry, Plaintiff suffered mental anguish, loss of capacity for the enjoyment of life, physical injury, humiliation personally, and loss of his freedom and civil rights. He suffered grievously, was brought into public scandal with great humiliation, suffered loss of income, endured mental suffering and aggravation of his physical and mental condition and suffered a damaged reputation.

WHEREFORE, Plaintiff prays:

    g) Judgment for compensatory damages in excess of $15,000;

    h) Judgment for exemplary damages;

    i) Cost of suit;

    j) Reasonable attorney's fees, pursuant to 42 U.S.C § 1988;

    k) Trial by jury as to all issues so triable; and

    l) Such other relief as this Honorable Court may deem just and appropriate.

## COUNT 3

### ALTERNATELY TO COUNT 4, STATE LAW BATTERY CLAIM BY PLAINTIFF AGAINST DEFENDANT IRIZARRY, INDIVIDUALLY

30. Plaintiff realleges and adopts, as if specifically stated in Count 3, the allegations of paragraphs 1 through 19.

31. At all times material, Defendant Irizarry, individually commenced a course of conduct such that he intended to touch or make contact with Plaintiff's body, actually touched Plaintiff's body, the contact was harmful or offensive, and occurred without Plaintiff's consent.

32. At all times material, Defendant Irizarry, individually, commenced a course of conduct such that his actions occurred with great force and excessive use of force causing Plaintiff bodily injury.

33. Alternately to the allegations set forth below in Count 4, the said actions and conduct by Defendant Irizarry, individually, were committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property, Defendant Irizarry's conduct occurred in an individual capacity.

34. As a direct and proximate result of the battery, Plaintiff has suffered grievously, has been brought into public scandal, and with great humiliation, mental suffering, and damaged reputation.

35. As a further direct and proximate result of the battery, Plaintiff has further suffered physical injury, endured suffering and aggravation of his physical and mental condition, loss of capacity for the enjoyment of life, loss of income, and damage to reputation.

WHEREFORE, Plaintiff prays:

    a) Judgment for compensatory damages in excess of $15,000;

    b) Cost of suit;

    c) Trial by jury as to all issues so triable; and

    d) Such other relief as this Honorable Court may deem just and appropriate.

## **COUNT 4**

## **ALTERNATELY TO COUNTS 3 AND 5, RESPONDEAT SUPERIOR/VICARIOUS LIABILITY STATE LAW CLAIM OF BATTERY AGAINST DEFENDANT SHERIFF**

36. Plaintiff realleges and adopts, as if fully set forth in Count 4, the allegations of paragraphs 1 through 19.

37. Defendant Irizarry intentionally inflicted harmful or offensive contact upon Plaintiff.

38. The contact occurred without Plaintiff's consent.

39. Alternately to Counts 3 and 5, the intentional harmful or offensive contact upon the person of Plaintiff by Defendant Irizarry was committed in the course and scope of employment as a police officer employed by Defendant Sheriff, and not in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property and Defendant Sheriff is thus vicariously liable for the conduct.

40. As a police officer and employee of Defendant Sheriff, Defendant Irizarry was subject to Defendant Sheriff's training, supervision, and control.

41. As a direct and proximate result of the intentionally inflicted harmful or offensive contact, Plaintiff has suffered grievously, has been brought into public scandal, with great humiliation, and suffered significant physical injury, emotional, mental, and psychological injury, and damaged reputation.

42. As a further direct and proximate result of the intentionally inflicted harmful or offensive contact, Plaintiff has further suffered mental anguish, endured suffering and aggravation of his physical and mental condition, suffered a damaged reputation, loss of capacity for the enjoyment of life, loss of income, and personal humiliation.

43. Plaintiff's losses or damages are either permanent or continuing in nature, and Plaintiff will suffer losses or damages in the future.

WHEREFORE, Plaintiff prays:

  a)  Judgment for compensatory and economic damages against Defendant Sheriff in excess of $15,000;

  b)  Cost of suit;

  c)  Trial by jury as to all issues so triable;

  d)  Such other relief as this Honorable Court may deem just and appropriate.

## COUNT 5

### ALTERNATELY TO COUNT 4, STATE LAW FALSE ARREST/FALSE IMPRISONMENT CLAIM AGAINST DEFENDANT IRIZARRY

44. Plaintiff realleges and adopts, as if fully set forth in Count 5, the allegations of paragraphs 1 through 19.

45. Defendant Irizarry, by direct act or indirect procurement, personally participated in or proximately caused Plaintiff's false arrest and/or false imprisonment. Alternately to Count 4, at all times material, Defendant Irizarry acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

46. The actions of Defendant Irizarry were taken in the absence of probable cause that Plaintiff committed any criminal offense, and constitute false arrest and/or imprisonment under Florida law.  The actions of Defendant Irizarry in unlawfully detaining and restraining him, and depriving Plaintiff of liberty, were against Plaintiff's will without legal authority and was unreasonable and unwarranted under the circumstances.

47. Additionally, given that Plaintiff explicitly provided Defendant Irizarry with his lawful purpose for being on his property at his own store, and Defendant Irizarry's lack of any reasonable suspicion that Plaintiff had committed any criminal offense, he acted in a manner exhibiting wanton and willful disregard of human rights by falsely seizing and restraining Plaintiff, and depriving him of liberty.

48. As a result of the false arrest and/or false imprisonment, Plaintiff has suffered grievously and has been brought into public scandal, with great humiliation, mental suffering,

and damaged reputation, and has suffered other damages, including but not limited to loss of earnings, loss of ability to earn future wages, loss of capacity for enjoyment of life, and loss of liberty.

49. Plaintiff's losses are either permanent or continuing in nature, and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff prays:

a) Judgment for compensatory damages in excess of $15,000;

b) Cost of suit;

c) Trial by jury as to all issues so triable; and

d) Such other relief as this Honorable Court may deem just and appropriate.

DATED this 13th day of December, 2017

s/ Michael Glasser

_____

Michael Glasser
Florida Bar Number:  0554367
Rudenberg & Glasser, P.A.
633 SE 3rd Avenue, Suite 4F
Ft. Lauderdale, FL 33301
(954) 463-9518